IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSE VON BERCKEFELDT,                                 Civil No. 02-927-CO

          Petitioner,                   FINDINGS AND RECOMMENDATION

    v.

GUY HALL, Superintendent, Two
Rivers Correctional Institution,

          Respondent.

COONEY, Magistrate Judge:

Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. In his

amended petition for habeas corpus relief (#28), petitioner raises claims for due process violations,

ineffective assistance of trial counsel, and ineffective assistance of appellate counsel.

## I.  BACKGROUND

Petitioner pleaded guilty to Felon in Possession of a Firearm, and following a jury trial, was

convicted of Attempted Murder, in Jackson County, Case No. 954760C3. Petitioner was sentenced

to a 120 month prison term on the Attempted Murder conviction and a six month prison term on the

Firearm conviction, to be served consecutively. (Exs. 101, 116-117.)

Petitioner directly appealed his convictions to the Oregon Court of Appeals. The Oregon Court of Appeals affirmed without opinion, <u>State v. Vonberckefeldt</u>, 151 Or. App. 805 (1997), and the Oregon Supreme Court denied review, <u>State v. Vonberckefeldt</u>, 327 Or. 123 (1998). (Exs. 103-107.)

Petitioner filed an amended petition for post-conviction relief in Malheur County, <u>Von Berckefeldt v. Lampert</u>, Case No. 98-12-30197-M. (Exs. 108-115.) The post-conviction court denied relief. (Exs. 118-119.) Petitioner appealed the denial of post-conviction relief to the Oregon Court of Appeals, but the Court of Appeals affirmed without opinion, <u>Von Berckefeldt v. Lampert</u>, 170 Or. App. 439 (2000). (Exs. 120-122, 125.) The Oregon Supreme Court denied review on the merits and allowed review as to the issue of attorney fees, and reversed as to that part, <u>Von Berckefeldt v. Lampert</u>, 333 Or. 398 (2002). (Ex. 123-124[1].)

## II. DISCUSSION

In his amended petition for habeas corpus relief, petitioner raises the following claims for relief:

**Ground One:** Mr. Von Berckefeldt's due process rights under the Sixth and Fourteenth Amendments to the United States Constitution were violated by the introduction of an unproved prior bad act that was irrelevant, highly prejudicial, and unrelated to the crimes with which he was charged.

By way of supporting facts, over defense counsel's objections, the trial court allowed the introduction of an encounter between Mr. Von Berckefeldt and Lonnie Crogan in which Mr. Von Berckefeldt was accused of lifting his shirt and showing his gun to Mr. Crogan on the same night that Mr. Von Berckefeldt shot Othon Campos. Mr. Von Berckefeldt was never charged with any crime relating to the incident with Mr. Crogan. There was no permissible inference the jury could draw from this testimony. Mr. Crogan's testimony was prejudicial because it convinced the jury to convict Mr. Von Berckefeldt because he was a dangerous person. The trial

---

[1] Exhibit 124 is identified as Exhibit 124 in the index and included between Exhibits 123 and 125, but is marked as Exhibit 126.

court never made the requisite findings as to relevancy and admissibility.

**Ground Two:** Mr. Von Berckefeldt was denied effective assistance of trial counsel as guaranteed by the Sixth Amendment to the United States Constitution when his trial attorney failed to object to prejudicial and improper statements by the Deputy District Attorney.

By way of supporting facts, the Deputy District Attorney encouraged the jury to disregard the testimony of the witnesses that Mr. Von Berckefeldt was acting normally by insinuating that gang members lived different types of lives and "saw the world through blood colored glasses." The Deputy District Attorney also characterized the encounter between Mr. Von Berckefeldt and Mr. Campos as a "shootout at the O.K. Corral." Mr. Von Berckefeldt's attorney failed to object or move for a mistrial.

**Ground Three:** Mr. Von Berckefeldt was denied effective assistance of trial counsel as guaranteed by the Sixth Amendment to the United States Constitution when his attorney failed to find and interview an integral defense witness.

By way of supporting facts, Mr. Von Berckefeldt told his attorney that Danielle Dalbec, the front seat passenger in the car, believed she had been shot by Mr. Campos. Part of Mr. Von Berckefeldt's defense was defense of others. Ms. Dalbec was in a unique position to provide information about the activities of that night and to support Mr. Von Berckefeldt's theory of the defense. Even though trial counsel knew generally where Ms. Dalbec could be found, he failed to interview her or bring her as a witness at trial.

**Ground Four:** Mr. Von Berckefeldt's due process rights under the Fourteenth Amendment to the United States Constitution were violated when the trial court denied his motion for judgment of acquittal and he was convicted in violation of *Jackson v. Virginia*, 443 U.S. 307 (1979).

By way of supporting facts, Mr. Von Berckefeldt claimed self-defense and defense of others, thus requiring the prosecution to prove beyond a reasonable doubt that he did not act in self-defense or defense of others. Each witness testified to the same story. Each story was consistent with a self-defense or defense of others claim. The prosecution failed to prove beyond a reasonable doubt that Mr. Von Berckefeldt did not act in self-defense or defense of others. No reasonable jury could have convicted Mr. on Berckefeldt on the evidence presented.

**Ground Five:** Mr. Von Berckefeldt was effective assistance of appellate counsel as guaranteed by the Sixth Amendment to the United States Constitution when his attorney failed to raise the issue of insufficient evidence.

By way of supporting facts, Mr. Von Berckefeldt's trial attorney moved for judgment of acquittal at the conclusion of the state's case because there was insufficient evidence to support a conviction. Despite this preserved issue and the consistent testimony that supported self-defense and defense of others, his appellate attorney failed to raise the issue.

**Ground Six:** Mr. Von Berckefeldt's due process rights under the Fourteenth Amendment to the United States Constitution were violated when the trial court

improperly instructed the jury.

By way of supporting facts, the trial court instructed the jury on the three statutory exceptions to self-defense: provocation, initial aggressor, and agreement to combat not authorized by law. There was no evidence in the record that Mr. Von Berckefeldt provoked Mr. Campos's use of deadly force. Even if Mr. Von Berckefeldt was the initial aggressor, he effectively communicated his intent to withdraw from the encounter. The prosecution never proved that Mr. Von Berckefeldt and Mr. Campos engaged in combat by agreement not specifically authorized by law. The court gave no instructions that explained to the jury the temporal aspect of self-defense.

**Ground Seven:** Mr. Von Berckefeldt was denied the right to effective assistance of appellate counsel as guaranteed by the Sixth Amendment to the United States Constitution when his attorney failed to raise the issue of improper jury instructions.

By way of supporting facts, Mr. Von Berckefeldt's trial attorney objected to the instructions that were requested, but never given to the jury. His trial attorney also objected to the jury instructions about initial aggressor and combat by agreement unauthorized by law. Despite this preserved issue and the absence of evidence to support giving the jury instructions, appellate counsel failed to raise the issue.

**Ground Eight:** Mr. Von Berckefeldt was denied effective assistance of trial counsel as guaranteed by the Sixth Amendment to the United States Constitution when his attorney failed to explore a plea bargain with the District Attorney.

By way of supporting facts, Mr. Von Berckefeldt's assailant, Mr. Campos, was also charged with attempted murder. Before his trial, Mr. Campos entered a plea of guilty to Attempted Assault 11, a class C Felony, and received a sentence of 15 months. Mr. Von Berckefeldt was never offered a plea bargain and his attorney never approached the District Attorney to inquire as to what kind of plea could be reached in Mr. Von Berckefeldt's case.

(Am. Pet. at 2-5.)

In his brief in support of amended petition, petitioner addresses claims one, two, and three. Petitioner has not addressed claims four through eight of his amended petition. The court finds that any claim not addressed in petitioner's brief in support of his petition are deemed waived and should be dismissed. See Wildin v. Thompson, Civil No. 99-204-CO, Order adopting Findings and Recommendation (D. Or. Nov. 5, 2003) (claims not addressed in memorandum in support of petition for writ of habeas corpus deemed waived); Culley v. Lampert, Civil No. 99-1726-CO, Order adopting Findings and Recommendation (D. Or. Dec. 8, 2003) (same).

Petitioner contends that each of the three claims addressed by him was properly presented in the state proceedings, and that he was denied effective assistance of counsel when his attorney failed to find and interview key defense witness Danielle Murrey, trial counsel's failure to object to the prosecutor's prejudicial and improper closing argument denied him effective assistance of counsel, and the court violated his due process rights when it allowed the prosecution to introduce the testimony of an unrelated interaction between him and Lonnie Croghan. As to the claims in petitioner's amended petition addressed by him, respondent contends that ground one is procedurally barred, and grounds two and three were denied by the state court whose opinion is entitled to deference. Attached to petitioner's memorandum in support and sur-reply are exhibits to which respondent objects.

Procedural Default

Respondent contends that petitioner has procedurally defaulted ground one. He contends that petitioner failed to preserve for review his claim that his due process rights were violated by the introduction of an unproved prior bad act that was irrelevant, highly prejudicial, and unrelated to the crimes with which he was charged. He contends that, while designating a portion of the record on appeal relating to an objection to testimony concerning the Croghan incident, (Ex. 103, Tr. 178-79), petitioner did not designate an objection to other testimony regarding the Croghan incident, Tr. 56), as a pertinent part of the record on appeal; and, at trial, petitioner did not claim that his federal constitutional right to due process was violated. He asserts that, although petitioner raised a due process claim on appeal, the appellate courts could not consider it under Oregon law, Or. R. App. P. 5.45, because it was not preserved for review. Respondent contends that petitioner's objection that there was "no basis" for admitting the testimony was vague and therefore insufficient to preserve a

claim that the evidence was irrelevant and prejudicial, and his earlier objection, which was not designated on appeal, was also lacking in specificity. He contends that this claim of error was waived when petitioner failed to object and assign error to the admission of the same evidence through other witnesses. Respondent contends, therefore, that petitioner failed to fairly present his federal due process claim in state court and it is procedurally defaulted. Petitioner contends that his claim is not procedurally defaulted because the state courts did not base the denial of his due process claim on an independent and adequate state ground. He contends that the state court must have relied specifically on the procedural ground in its denial of the claim and the fact that one may exist does not bar federal relief. Petitioner contends that he exhausted ground one, citing his brief on direct appeal and his petition for review.

The requirement that state remedies be exhausted is satisfied when the petitioner has fairly presented the substance of the federal claim to the state courts. This means that the state court must be provided with "a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim. It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982) (citations omitted). State courts must be alerted to the fact that a prisoner is asserting a claim under the United States Constitution. The "mere similarity of claims is insufficient to exhaust." Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). The Ninth Circuit has found that, under Duncan, "general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999) (citing Gray v. Netherland, 518 U.S. 152 (1996)); Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000). In the

Ninth Circuit, a petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies "only if he characterized the claims he raised in state proceedings *specifically* as federal claims"; that is, "the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000), as amended, 247 F.3d 904 (9th Cir. 2001) (italics in original, footnote omitted).

A habeas petitioner's claim has been exhausted if the claim has been fairly presented to the highest state court with jurisdiction to consider the claim, and no state remedy remains available. Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A claim is not fairly presented if it is raised in a "procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351-52 (1989).

A procedural default occurs when a petitioner violates a state procedural rule which would constitute adequate and independent state grounds to bar review in the United States Supreme Court. Coleman v. Thompson, 501 U.S. 722, 729-32 (1991); Wells v. Maass, 28 F.3d 1005, 1008-11 (9th Cir. 1994). The failure to present a claim which would be procedurally barred in state court fulfills the technical requirement of exhaustion of state remedies. Coleman, 501 U.S. at 732, 735 n.1.

A federal court will not consider a claim that has been procedurally defaulted unless petitioner shows both "cause" and "prejudice" for the default, or demonstrates that the failure to consider the claim will result in a fundamental miscarriage of justice. Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977); Coleman, 501 U.S. at 749. "Cause" is a legitimate excuse for the default due to something external to the prisoner. Coleman, 501 U.S. at 753. "Prejudice" is "actual harm resulting from the alleged constitutional violation." Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). "A fundamental miscarriage of justice occurs when a constitutional violation has probably

resulted in the conviction of one who is actually innocent." <u>Boyd v. Thompson</u>, 147 F.3d 1124, 1127 (9th Cir. 1998) (internal quotations omitted).

On direct appeal, petitioner presented the following question:  "Should the court have excluded evidence of a prior unrelated act of misconduct because it had no relevance?  Should the court have engaged in a balancing test to determine whether the prejudicial impact was greater than the probative value?"  (Ex. 103 at 2.)  Petitioner assigned the following error:

> The circuit court erred in overruling defendant's objection to evidence of prior bad acts unrelated to the indictment.  The pertinent portions of the transcript are as follows:
> "[By Mr. McGeary]:  Q.    All right.  Lonnie, I want to direct your attention back to the 29th of October.  You had a confrontation with Mr. Vonberckefeldt.  Do you remember that confrontation?
> "A.    I do.
> "Mr. Smith:    Excuse me.  For the record, Your Honor, I object to this line of inquiry.  My client is not charged with anything with regard to this gentleman.  There is no basis for his testimony.
> "The Court:    This is within how much time?
> "Mr. McGeary:    Well, the testimony so far is it was within – well, almost immediately after this.
> "The Court:    Half an hour?
> "Mr. McGeary:    45 minutes.
> "The Court:    45 minutes of the event?
> "Mr. McGeary:            Yes.
> "The Court:    Overruled.  Continue.

(Ex. 103 at 6, Vol. III Tr. 178-79.)  In his argument in support, petitioner relied on the Oregon Evidence Code on relevancy and character evidence and state cases, arguing that the incident involving Croghan was irrelevant and prejudicial,  (Ex. 103 at 2-3, 6-14).  He argued that the evidence prevented him from having a fair trial, in violation of the federal due process clause, through the Fifth and Fourteenth Amendments of the Untied States Constitution.  In respondent's brief to the Court of Appeals, respondent argued that the trial court properly overruled petitioner's

objection to Croghan's testimony. Respondent argued that petitioner's claim of error that the testimony was logically irrelevant and too prejudicial was raised for the first time on appeal and that it was not preserved since the objection below was that "no basis" existed for the testimony. Respondent also argued that, to the extent that petitioner attempted to preserve an objection on the ground of logical relevancy, the objection was waived because petitioner failed to object to, or assign error to, the admission of the same testimony elicited from numerous other witnesses. In petitioner's petition for review, he relied on the arguments advanced in his brief in the Court of Appeals. (Ex. 105 at 1-3.)

The Oregon Court of Appeals will not consider an assignment of error unless it was preserved in the lower court. ORAP 5.45; State v. Wyatt, 331 Or. 335, 343-47 (2000) (and cases cited). "One of the policies underlying ORAP 5.45's rule of preservation is to ensure that trial courts have the opportunity to rule on a particular question or issue, thereby potentially obviating the necessity of an appeal and the accompanying use of judicial resources." Miller v. C.C. Meisel Co., 183 Or. App. 148, 172 (2002). The preservation of error principle is applied uniformly "in all cases" by the Oregon appellate courts. State v. Reyes-Camarena, 330 Or. 431, 435, 437 (2000). Also, the Oregon Supreme Court may only consider questions which were "properly before" the Court of Appeals. ORAP 9.20(2); State v. Castrejon, 317 Or. 202, 208-12 (1993).

Here, it is not clear from the objection made at trial that relevance and prejudice is the basis for the objection. There is an indication in the record, occurring prior the objection at issue, that the time period of the incident with Croghan was considered on relevance grounds by the trial court, (Vol. I, Tr. 56); however, that portion of the record was not designated on appeal, Or. R. App. P. 5.45. Further, no constitutional basis for the objection was asserted at trial. Castrejon, 317 Or. at

205-09 (constitutional sufficiency of instruction not raised at trial; claim that the court violated defendant's federal due process rights in instructing jury not preserved). Thus, even if petitioner raised a due process claim in the Oregon Court of Appeals and in his petition for review to the Oregon Supreme Court, the issue was not properly before the appellate courts and, thus, was presented in a procedural context in which its merits could not be reviewed. See Castille, 489 U.S. at 351-52. Accordingly, the court finds that petitioner failed to preserve his federal due process claim raised in his petition for federal habeas corpus review in the state courts, the court finds that petitioner has procedurally defaulted the claim.

Petitioner may no longer seek relief on the defaulted claim in the state courts. Petitioner offers no reason why the claim was not timely raised in the state court. See Coleman, 501 U.S. at 749. The court finds that petitioner has procedurally defaulted, without excuse, ground one based on violation of his due process rights alleged in his amended habeas petition. Habeas corpus relief as to ground one should be denied based upon procedural default.

Merits

The Antiterrorism and Effective Death Penalty Act (AEDPA), which revised the standards of deference federal courts must accord state court decisions, provides in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).  Further, any factual determinations made by the state courts are presumed to be correct.  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003).

Under section 2254(d)(1), a state prisoner may obtain federal habeas corpus relief with respect to a claim adjudicated on the merits in state court only if the state court's ruling was either (1) contrary to clearly established federal law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States.  <u>Williams v. Taylor</u>, 529 U.S. 362, 404-05 (2000); <u>Davis v. Woodford</u>, 384 F.3d 628, 637 (9th Cir. 2004).  These clauses have independent meanings, but in some cases they may overlap.  <u>Williams</u>, 529 U.S.  at 408; <u>Van Tran v. Lindsey</u>, 212 F.3d 1143, 1150 (9th Cir. 2000), <u>overruled on another ground by</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003).

"The threshold question under AEDPA is whether [petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." <u>Williams</u>, 529 U.S. at 390.  When determining what the clearly established federal law is, federal courts look at the holdings of the United States Supreme Court as of the time of the state court's decision.  <u>Id.</u> at 412.  Ninth Circuit law may still be considered "for its persuasive authority in applying Supreme Court law." <u>Van Tran</u>, 212 F.3d  at 1154; <u>Clark v. Murphy</u>, 331 F.3d 1062, 1069 (9th Cir.), <u>cert. denied</u>, 540 U.S. 968 (2003).

A state court's decision is "contrary to" clearly established Supreme Court precedent if 1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or 2) the state court "confronts a set of facts that are materially indistinguishable" from a Supreme Court case, but still reaches a different result.  <u>Williams</u>, 529 U.S. at 405-06, 412-13;

Lockyer v. Andrade, 538 U.S. 63, 73 (2003); Clark, 331 F.3d at 1067. A state court's ruling is "contrary to" Supreme Court precedent if it is diametrically different, opposite in character or nature, or mutually opposed to, a Supreme Court holding. Williams, 529 U.S. at 405.

A state court decision involves an "unreasonable application" of Supreme Court precedent if 1) the state court identifies the correct governing rule, but then applies it to a new set of facts in an unreasonable way, or 2) the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. Id. at 407-09; Wiggins v. Smith, 539 U.S. 510, 520 (2003); Clark, 331 F.3d at 1067. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . . [A]n *unreasonable* application of federal law is different from an *incorrect* or *erroneous* application of federal law." Williams, 529 U.S. at 409, 412; Lockyer, 538 U.S. at 75, 76; Wiggins, 539 U.S. at 520; Clark, 331 F.3d. at 1067-68. Thus, a federal court may not issue a writ even when it concludes, based on its independent judgment, that the state court, in reaching its decision, applied clearly established federal law erroneously or incorrectly. Williams, 529 U.S. at 412-13; Lockyer, 538 U.S. at 76; Woodford v. Visciotti, 537 U.S. 19, 24, 27 (2002), reh'g denied, 537 U.S. 1149 (2003). At a minimum, the objectively unreasonable standard denotes a great degree of deference to the state court. Clark, 331 F.3d at 1068.

"'[T]he only question that matters under § 2254(d)(1),' Lockyer, 123 S. Ct. at 1171, is whether or not the [] state court's decision is contrary to, or involved an unreasonable application of, clearly established Federal law." Id. at 1069.

Under section 2254(d)(2), a state prisoner may obtain federal habeas corpus relief with

respect to a claim adjudicated on the merits in state court only if the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Factual determinations by state courts are presumed correct in the absence of convincing evidence to the contrary. Miller-El, 537 U.S. at 340. "A state court decision 'based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding.'" Davis, 384 F.3d at 638 (quoting Miller-El, 537 U.S. at 340).

"The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Powell v. Galaza, 328 F.3d 558, 563 (9th Cir. 2003) (quoting Early v. Packer, 537 U.S. 3 (2002)). In this case, the court looks to the decision of the post-conviction court as "the last reasoned decision" as the basis of the state court's judgment. Franklin v. Johnson, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002); Powell, 328 F.3d at 563; Shackleford, 234 F.3d at 1079 n.2.

Ground two - ineffective assistance of counsel - prosecutor's statements

Petitioner contends that trial counsel's failure to object to the prosecutor's prejudicial and improper closing argument denied him effective assistance of counsel. He contends that a prosecutor violates a defendant's due process rights if the prosecutor delivers a closing argument that renders the trial fundamentally unfair, and counsel failed to protect his due process rights to a fair trial when he did not object to the prosecutor's closing statement. Petitioner contends that trial counsel's failure to object prejudiced him. Respondent contends that petitioner did not present his claim in state court in the manner he does here by arguing that, in failing to object, counsel failed to protect his due process rights. He contends, therefore, that this aspect of his claim is procedurally barred.

Respondent also contends that petitioner did not assert in state court his claim that the prosecutor committed misconduct by introducing evidence of gang activity and, therefore, this claim is unexhausted and procedurally barred. On the claim before the court, respondent contends that the prosecutor's remark about the "O.K. Corral" accurately characterized the evidence, and the post-conviction court's decision was not an unreasonable application of Strickland.[2] He contends that the prosecutor's remark about "blood colored glasses" was not objectionable, and the post-conviction court's decision was not an unreasonable application of Strickland. Petitioner replies that his legal arguments in support of his ineffective assistance claim are not "new" claims and respondent is mistaken in so arguing. He contends that respondent confuses arguments and claims. He contends that his argument on due process was made to sustain his burden of proving his ineffective assistance claim and shows that trial counsel was ineffective and demonstrates that he was prejudiced as a result.

Initially, the court addresses respondent's arguments that petitioner has raised new claims in his arguments that counsel failed to protect his due process rights by failing to object and that the prosecutor's argument concerning gang activity prejudiced him. The court agrees with petitioner that a party may make alternative arguments in support of a claim. Here, the claim that was made throughout the state proceedings and in this court is that trial counsel was ineffective because he failed to object to prejudicial statements by the prosecutor that petitioner and the witnesses "saw the world through blood colored glasses" and characterized the incident as a "shootout at the O.K. Corral." To the extent that petitioner is claiming that counsel was ineffective because he denied petitioner his due process rights by failing to object, that aspect of the claim was not raised below,

---

[2] Strickland v. Washington, 466 U.S. 668 (1984).

Findings and Recommendation - 14

is procedurally barred, and will not be considered. To the extent that petitioner is claiming that counsel was ineffective because he failed to object to the prosecutor's remarks concerning gang activity, that aspect of the claim was not raised below, is procedurally barred, and will not be considered by the court. The court will address petitioner's claim as it was presented to and considered by the state courts.

The clearly established federal law governing ineffective assistance of counsel claims at the time the state court made its decision was set forth by the United States Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>McClure v. Thompson</u>, 323 F.3d 1233, 1241 (9th Cir.), <u>cert. denied</u>, 540 U.S. 1051 (2003); <u>Shackleford v. Hubbard</u>, 234 F.3d 1072, 1079-80 (9th Cir. 2000) (and cases cited). Under clearly established Supreme Court law, to prevail on a claim of ineffective assistance of counsel, petitioner must satisfy a two-part test: petitioner must show both that trial counsel's performance fell outside the wide range of reasonable professional assistance, and that the deficient performance prejudiced the defense. <u>Strickland</u>, 466 U.S. at 687. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Id.</u> at 689. A petitioner must identify the acts or omissions of counsel that petitioner alleges were not the result of reasonable professional judgment. <u>Id.</u> at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance. <u>Id.</u> The reasonableness of counsel's performance must be judged on the facts of the particular case and viewed at the time of counsel's conduct. <u>Id.</u>

If counsel's performance is found to be deficient, any deficiencies must be prejudicial to the defense in order to constitute ineffective assistance of counsel. <u>Id.</u> at 691. Petitioner must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The court need not address both components of the ineffective assistance of counsel inquiry if petitioner's showing on one component is insufficient. Id. at 697. In particular, the court may dispose of an ineffectiveness claim on the ground of lack of prejudice alone. Id. The ultimate focus of the inquiry for the court is, "whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." Id. at 696.

In the post-conviction proceeding, the affidavit of trial counsel was presented, in which counsel stated in pertinent part:

> The district attorney did in fact refer to the shooting as an "O.K. Coral" type of incident. The entire thrust of the State's case was that self-defense did not apply because the shooting was the product of combat by mutual agreement. Therefore, the issue of who fired first was not relevant. It is my best recollection that in his argument the deputy district attorney conceded that the Campos brothers may very well have fired first. Under these circumstances it was my opinion that the deputy district attorney's analogy or comparison of the shooting to the "gunfight at the O.K. Coral" was legitimate and an objection would be overruled, thereby giving the State's argument more weight. I do not recall the deputy district attorney saying that the petitioner saw this incident through "blood shaded glasses," but he may have.

(Ex. 114 at 2.) At the post-conviction trial, during petitioner's testimony, there was a lengthy colloquy between the court, counsel, and petitioner, regarding both challenged remarks made by the prosecutor. (Ex. 118 at 17-22.) Following trial, the post-conviction court made the following findings:

> The Court: All right. I'll conclude the following; this court finds no errors on the face of this record. The attorney provided adequate representation for the Petitioner under both the Oregon and Federal Constitutional standards. The whole case in reviewing the record revolved around the State's position of mutual combat

and the Petitioner's position of self-defense. The facts were fully presented. Additional witnesses would simply have corroborated that which was already established. The jury in this case simply accepted the State's theory of the case and there's ample evidence in the record to support that particular theory of mutual combat. It was truly and [sic] O.K. Corral shoot out. Both sides were prosecuted for their criminal actions associated with the shootout. I don't find anything in this particular record which would in fact indicate that there is anything that was prejudicial or anything that would somehow affect the result. Both sides had an opportunity to present their particular positions regarding the shootout. Both sides had an opportunity and were well represented and the transcript reveals that and then it was up to the jury to simply sort out the fact and they did that. The Petitioner in this particular case disagrees with the jury's determination. He certainly has the right to do that. But so far as at this point pointing to his counsel and saying that somehow the result is because of errors of his counsel, because of insufficient or inadequate representation, the record simply doesn't reflect that.

I will therefore deny the relief requested. . . .

(Ex. 118 at 36-37.)[3] The post-conviction court specifically addressed the "O.K. Corral" reference, finding that there was ample evidence to support the State's theory of mutual combat and that the record showed that the encounter was "truly an[] O.K. Corral shootout." (Ex. 118 at 37; see Ex. 118 at 18-19, 20, 21-22.)

Having reviewed the challenged statements of the prosecutor in context in the argument made, on this record, the court cannot find that petitioner has overcome the presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance in the circumstances. Petitioner has not shown that trial counsel's decisions with regard to not objecting to the comments made by the prosecutor during closing argument were deficient and not a reasonable

---

[3] Respondent relied on Strickland in his post-conviction trial memorandum and petitioner argued the Strickland standard at trial in his post-conviction proceeding; the post-conviction court, in making its decision on petitioner's claims of ineffective assistance of counsel, found that trial counsel provided adequate representation under the Oregon and federal constitutions. On appeal from the post-conviction judgment, petitioner cited a Ninth Circuit case, which discusses Strickland in the context of an ineffective assistance of counsel claim, in the court of appeals and in his petition for review by the Oregon Supreme Court. It appears that the state courts applied the proper Supreme Court precedent to petitioner's claims.

tactical choice. Counsel states in his affidavit that he did not object because it was his opinion, in the circumstances, that the prosecutor's analogy to the O.K. Corral was legitimate and an objection would have been overruled, which would give the State's arguments more weight. (Ex. 114 at 2.) To the extent that petitioner challenges the factual determinations made by the state court, petitioner has not come forward with clear and convincing evidence to rebut the presumption of correctness accorded them. The court finds that the state court's decision was not an unreasonable application of Supreme Court law, or an unreasonable determination of the facts, as petitioner argues, as to warrant habeas relief. Petitioner is not entitled to relief on his claim that he was denied effective assistance of counsel because counsel failed to object to prejudicial and improper closing argument by the prosecutor.

Ground three - ineffective assistance - defense witness

Respondent contends that the state court decisions disposing of this claim are entitled to deference under 28 U.S.C. § 2254. He contends that petitioner did not produce any evidence in the post-conviction proceeding of what Danielle Murrey Dalbec would have testified and he did not rebut trial counsel's statement in his affidavit that she could not be located. He contends that, even if Murrey Dalbec had been located and testified, the testimony would have been cumulative, since the evidence showed that Campos fired the first shot, and other witnesses testified that Murrey Dalbec said she had been shot. Petitioner contends that Murrey Dalbec was a critical eyewitness, was available, but was not called by the defense. He represents that, in the material witness warrant for Murrey Dalbec, (Ex. A), the prosecutor asserted that her testimony was not cumulative,[4] and the

_____

[4] Petitioner requests judicial notice of Exhibit A or, in the alternative, submits it under Rule 7, see infra.

State cannot take contrary positions. He contends that her testimony would have been unique in several respects. Petitioner contends, therefore, that trial counsel's failure to find and interview Murrey Dalbec fell below an objective standard of reasonableness. He contends that he was prejudiced as a result. Respondent replies that the record supports the post-conviction court's findings that "the facts were fully presented," and that "Additional witnesses would simply have corroborated that which was already established." He replies that petitioner did not rebut counsel's claim that Dalbec could not be located or produce any evidence of what they would have testified to. He contends that, without presentation of evidence of testimony of the witness, he cannot show prejudice. In his sur-reply, petitioner contends that Murrey Dalbec's testimony was not merely cumulative and this court should not defer to the state court's contrary and erroneous decision. He argues that respondent ignores the undisputed fact that trial counsel never attempted either to find Murrey Dalbec or to interview her, and before an attorney decides not to call a witness, investigation is required to ascertain the possible content of the witness' testimony. He argues that the state is estopped from taking inconsistent positions and cannot argue that Murrey Dalbec's testimony is merely cumulative when it previously attested that her testimony was not cumulative.

In support of this ground for habeas relief, petitioner submits exhibits pursuant to Rule 7, (Exs. A-C). Petitioner contends that the material witness warrant and police reports may be considered by the court because he diligently developed his claim in state court. In his response to petitioner's sur-reply, respondent objects to the exhibits offered by petitioner and contends that they should not be admitted since petitioner failed to offer these exhibits during his post-conviction proceeding in which he had an evidentiary hearing, although they were available to him and he had ample opportunity to do so. He also argues that Exhibit A concerns a different state agency, who

is not a party to this action, in a different prosecution and pertained, not to an ineffective assistance claim, but to a different action, i.e., a request for a material witness warrant and, therefore, petitioner's estoppel argument is flawed. Respondent argues that petitioner's request to expand the record under Rule 7 should be rejected because Rule 7 does not allow expansion of the record unless petitioner is otherwise entitled to an evidentiary hearing. Respondent contends that, even if the court considers petitioner's exhibits, the exhibits do not assist petitioner in proving his ineffective assistance claim relating to counsel's failure to locate Murrey Dalbec and call her as a witness. He asserts that petitioner has failed to produce Murrey Dalbec or provide the court with her sworn affidavit so it is impossible to determine what she would have testified to if she had been located and called as a witness. He also asserts that Murrey Dalbec's statements to police help establish the state's theory at trial of mutual combat. Respondent requests that petitioner's exhibits be stricken.

Rule 7 of the Rules Governing § 2254 Cases provides that "the judge may direct that the record be expanded" by the inclusion of additional materials relevant to the determination of the merits of the petition," if the petition is not summarily dismissed. Rule 7(a). The expanded record may include "letters predating the filing of the petition in the district court, documents, exhibits, and answers under oath . . . to written interrogatories propounded by the judge"; "Affidavits may be submitted and considered as a part of the record." Rule 7(b). The advisory committee notes state that the purpose of the rule "is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing."

The Supreme Court in Holland v. Jackson, ___ U.S. ___, 124 S. Ct. 2736, 2738 (2004) (per curiam), determined that certain statements offered by petitioner as newly discovered evidence following denial of post-conviction relief, could have been the subject of an evidentiary hearing in

the federal habeas proceeding, "but only if [the state prisoner] was not at fault in failing to develop that evidence in state court or (if he was at fault) if the conditions prescribed by § 2254(e)(2) were met."[5]  (Citing <u>Williams v. Taylor</u>, 529 U.S. 420, 431-37 (2000).)  The Court went on to state: "Those same restrictions apply *a fortiori* when a prisoner seeks relief based on new evidence *without* an evidentiary hearing." <u>Holland</u>, ___ U.S. at ___, 124 S. Ct. at 2738.

Petitioner contends that he diligently developed his claim in state court because he testified at his state post-conviction hearing that trial counsel had told him that they had found Murrey Dalbec in North Las Vegas but they did not know her exact address, and that the State did not want to spend the time or the money to bring her and her boyfriend to testify in court, (Ex. 118 at 13).  He contends that, throughout the state court proceedings, he asserted that Murrey Dalbec's testimony was critical, not cumulative, since she was a neutral bystander in the direct line of fire, and that he believed Murrey Dalbec's testimony would have assisted in establishing both self-defense and defense of others, (Ex. 118[6] at 13, 23).  Petitioner asserts that the post-conviction court did not base its ruling

---

[5] 28 § 2254(e)(2) provides:
    (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
        (A) the claim relies on–
            (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
            (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
        (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[6] Petitioner refers to Exhibit 110 in his argument; however, from the substance of the argument and the pages cited, it appears that petitioner means Exhibit 118.

on a finding that he had not presented any evidence in support of his claim that counsel was ineffective in failing to interview Murrey Dalbec, but instead weighed the evidence presented by both sides and concluded that the State should prevail, which demonstrates that he was diligent in developing his claim during the post-conviction proceeding. Petitioner requests an evidentiary hearing on the issue of whether he exercised sufficient due diligence in the state court if the court is unable to determine diligence on this record. Respondent contends that, although the exhibits were available and he had an opportunity to offer them in support of his claim in the post-conviction court, he did not offer these exhibits and, therefore, they should not be considered by the court. Respondent contends that, because petitioner was not diligent in state court, he would not be entitled to an evidentiary hearing under § 2254(e)(2) and, therefore, he may not expand the record under Rule 7.

The "failed to develop" language in § 2254(e)(2) means a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." <u>Williams</u>, 529 U.S. at 432. "Diligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." <u>Id.</u> at 435. The <u>Williams</u> Court stated:

> Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law. . . . For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met. Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.

Id. at 437.  The Ninth Circuit has found that, "Diligence would require at least one step or the other to develop the factual basis of his claim."  Bragg v. Galaza, 242 F.3d 1082, 1090, as amended, 253 F.3d 1150, 1151 (9th Cir. 2001).  Further, any attorney negligence in not developing claims in state court is attributable to petitioner.  Holland, ___ U.S. at ___, 124 S. Ct. at 2738; Williams, 529 U.S. at 432, 439-40.

Here, petitioner makes no showing of any efforts made in state court to investigate and develop the facts which he now seeks to have this court consider.  The subpoena, (Ex. A), and police reports, (Exs. B, C), which are dated in 1996, were available at the time of the post-conviction proceeding in 1999.  The only indication of diligence by petitioner is his testimony at the post-conviction evidentiary hearing that trial counsel told him  that they had found "Danielle" in North Las Vegas but didn't know her exact address, and that she would have testified that she was in the right passenger seat, she was in the line of fire when Campos shot into the car, and she screamed that she was shot, after which petitioner shot Campos.  However, there is no evidence that petitioner made any attempt to investigate and discover the evidence he seeks to present in this court, and he offers no excuse for the failure.  The court finds on this record that, because petitioner was not diligent in developing the factual predicate of this claim for ineffective assistance in state court, he would not be entitled to an evidentiary hearing under § 2254(e)(2) and, therefore, he may not expand the record with the exhibits he submits.  See Holland, ___ U.S. at ___, 124 S. Ct. at 2736, 2738 (witness Gooch' statement, which merely buttressed a previously rejected claim, could have been subject of evidentiary hearing in district court only if petitioner was not at fault in failing to develop "that evidence" in state court; no finding by district court that petitioner "had been diligent in pursuing Gooch's testimony"); Galvan v. Czerniak, No. CV 02-508-KI, 2004 WL 1078985, at *5 (D.

Or. May 11, 2004) (although petitioner testified in post-conviction hearing as to what witness Case would say, petitioner offered no evidence that he attempted to contact witness Case or offer testimony of Case in post-conviction proceeding and, therefore, petitioner lacked diligence and could not develop factual predicate of claim in form of affidavit in federal habeas case); see also Boyko v. Parke, 259 F.3d 781, 789-92 (7th Cir. 2001) (exhaustion of claim does not necessarily allow petitioner to rely on new evidence that never was placed before state courts); Wildman v. Johnson, 261 F.3d 832, 839-40 (9th Cir. 2001); Moen v. Czerniak, No. Civ. 02-10-JE, 2004 WL 1293920, at *2 (D. Or. June 10, 2004).

Counsel's failure to conduct a reasonable investigation or make a reasonable decision that makes particular investigations unnecessary can provide a basis for an ineffective assistance of counsel claim. Strickland, 466 U.S. at 691. Under Strickland, the Ninth Circuit has found counsel ineffective where counsel neither conducted a reasonable investigation nor demonstrated a strategic reason for failing to do so. Hendricks v. Calderon, 70 F.3d 1032, 1036 (9th Cir. 1995); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir. 1994). "[C]ounsel must, at a minimum, *conduct a reasonable investigation* enabling him to make informed decisions about how best to represent his client." Sanders, 21 F.3d at 1456 (citing Strickland, 466 U.S. at 691). The Ninth Circuit has found that Strickland mandates that "attorneys have considerable latitude to make strategic decisions about what investigations to conduct once they have gathered sufficient evidence upon which to base their tactical choices." Jennings v. Woodford, 290 F.3d 1006, 1013 (9th Cir. 2002), cert. denied, 539 U.S. 958 (2003). "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgment." Strickland, 466 U.S. at 691. In determining what investigations are reasonable and necessary, it is proper for

counsel to consider defendant's own actions and statements, as well as the informed strategic choices made by defendant and information supplied by defendant. Id. The conversations between counsel and the defendant "may be critical to a proper assessment of counsel's investigation decisions." Id. The Strickland Court cautioned, however, that: "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. Therefore, "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955). The Court further stated that, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigations." Strickland, 466 U.S. at 690-91; see Hendricks, 70 F.3d at 1036.

Counsel's duty to make reasonable investigations or to make a reasonable decision which makes a particular investigation unnecessary, includes the duty to investigate defendant's "most important defense." Sanders, 21 F.3d at 1457. "However, 'the duty to investigate and prepare a defense is not limitless:  it does not necessarily require that every conceivable witness be interviewed.'" Bragg, 242 F.3d at 1088 (quoting Hendricks, 70 F.3d at 1040). The Ninth Circuit has found that, "A claim of failure to interview a witness . . . cannot establish ineffective assistance when the person's account is otherwise fairly well known to defense counsel." Eggleston v. United States,

798 F.2d 374, 376 (9th Cir. 1986) (internal quotation omitted).

In the post-conviction proceeding, the affidavit of trial counsel was presented, in which counsel stated in pertinent part:

> My file reflects that we were unable to find Danielle or her husband, Louis. Contrary to petitioner's allegation that I was aware that they were in Las Vegas, Nevada, our information was that they had gone to some unknown location in California. The transcript of the trial testimony reflects that there were a number of witnesses that testified that Rudy Campos fired first and Danielle's statement that she had been shot was admitted into evidence as an "excited utterance." I believe I also mentioned in my opening statement that the State had failed to find and produce Danielle Murrey Dalbec and Louis Serrano.

(Ex. 114 at 2-3.) At the post-conviction trial, petitioner testified as follows regarding his claim concerning counsel's failure to find and interview Murrey Dalbec:

> Q    And you say that – and you say that your attorney failed to testify, failed to have her subpoenaed at trial. Can you tell the Court about that please?
> A    Yes, he came – he came to see me in a conference hearing and he had spoke to me and told me that they had in fact found where Danielle was but they didn't know the exact address of where she was. He told me that she was in North Las Vegas and that the State didn't want to spend the time or the money to bring – to bring them – bring her and her boyfriend, Luis (INAUDIBLE) to testify in my court.
> Q    Now, why was it important for your trial that Danielle (INAUDIBLE) why was it important for you trial [sic] that she testify on your behalf?
> A    It was important because she was in the right passenger seat, I was in the left in the back when Rudy Campos came to the car and shot into the car. She was in the line of fire and when the bullet hit the window I felt it penetrated the window. She was screaming she was shot, "I'm shot, I'm shot." I threw her head forward and I reacted and shot Mr. Campos.
> Q    So her testimony basically would have been that Rudy Campos fired first and that she had yelled, "I'm shot, I'm shot"?
> A    Yes, that would be correct.

(Ex. 118 at 13-14.) At the conclusion of the hearing, the post-conviction court made findings, including the findings that the attorney provided adequate representation under federal constitutional standards, the facts were fully presented, and "[a]dditional witnesses would simply have corroborated

that which was already established," <u>supra</u>. (Ex. 118 at 36-37.) Thus, the record shows that counsel attempted to find Murrey Dalbec. However, on this record, petitioner cannot show that he was prejudiced by any failure to find and interview Murrey Dalbec. According to his testimony at the post-conviction hearing as to what Murrey Dalbec would have testified to at trial, Murrey Dalbec would have only testified to evidence presented by other witnesses at trial and, therefore, her testimony would have been cumulative. <u>See</u> <u>United States v. Schaflander</u>, 743 F.2d 714, 719 (9th Cir. 1984).

Petitioner has not come forward with clear and convincing evidence to rebut the presumption of correctness accorded the state court's determination of factual issues. On this record, the court finds that the decision of the state courts was not an unreasonable application of Supreme Court law, or an unreasonable determination of the facts, as argued by petitioner, so as to warrant habeas relief. Accordingly, petitioner is not entitled to relief on his claim that he was denied effective assistance of counsel because counsel failed to locate and interview Murrey Dalbec.

### III. RECOMMENDATION

Based upon the foregoing, it is recommended that the amended petition for writ of habeas corpus be denied and this case dismissed; and that judgment be entered denying the amended petition for writ of habeas corpus and dismissing this case with prejudice.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days***

***within which to file a response to the objections.***  **Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.**

DATED this __29___ day of  April, 2005.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE