IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSE VON BERCKEFELDT,  Civ. No. 02-927-CO

    Petitioner,  ORDER

  v.

GUY HALL, Superintendent,
Two Rivers Correctional
Institution,

    Respondent.

Magistrate Judge John P. Cooney filed Findings and Recommendation [#57] on April 29, 2005, in the above entitled case. The matter is now before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981),

1 - ORDER

cert. denied, 455 U.S. 920 (1982).

Petitioner timely filed objections. The court has, therefore, given de novo review of Judge Cooney's rulings.

After review, I ADOPT the Findings and Recommendation, and make the following additional conclusions. To the extent petitioner did not default his first ground for relief, the trial court's admission of evidence that petitioner displayed his gun to Lonnie Crogan prior to the shootout with Othon Campos did not violate petitioner's federal constitutional right to due process. To the extent the trial court improperly admitted this evidence, the potential impact on the outcome, considering all the evidence, is insufficient to work a violation of petitioner's federal due process rights. The jury heard testimony, not now challenged by petitioner, that petitioner held a gun to Othon Campos's chest, demanding to know why Campos had been "talking shit" about petitioner. In light of this testimony, evidence that petitioner displayed a gun to Lonnie Crogan minutes earlier does not render the proceeding so unfair as to violate petitioner's constitutional due process rights.

To the extent petitioner exhausted his claim that trial counsel was constitutionally deficient for failing to object to the prosecutor's statement in closing argument that petitioner saw the world through blood-colored glasses, and to the extent this argument accurately portrays the prosecutor's statement,

counsel's decision to decline to object was within the wide range of objectively reasonable professional conduct, and petitioner was not prejudiced by the statement, considering all the evidence.

To the extent petitioner did not have to prove his diligence before the court may consider exhibits not submitted to the state post-conviction trial court, expansion of the record is unnecessary to resolve the amended petition.

The amended petition for writ of habeas corpus [#28] is denied. This proceeding is dismissed.

IT IS SO ORDERED.

DATED this 28th day of June, 2005.

_____
Michael R. Hogan
United States District Judge